IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CASILDA GRANT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. |
| | § | 3:09-CV-1303-K |
| SELECT SPECIALTY HOSPITAL – | § | |
| SOUTH DALLAS, INC. and SYLVIA | § | |
| VILLESCAZ URIEGAS, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are: (1) Defendant Select Specialty Hospital – South Dallas, Inc.'s ("SSH") Motion for Summary Judgment (Doc. No. 19); (2) Plaintiff Casilda Grant's ("Grant") Motion to Strike SSH's evidence with objections (Doc. No. 23); and (3) SSH's Motion to Strike Grant's evidence (Doc. No. 25). Because SSH demonstrates that no issue of material fact exists in regards to Grant's Family and Medical Leave Act (FMLA) and defamation claims, SSH's Motion for Summary Judgment is **GRANTED** and Grant's claims are **DISMISSED with prejudice**. Grant's Motion to Strike SSH's Evidence is **DENIED**. SSH's Motion to Strike Grant's Evidence is **DENIED as moot**.

I.  **Factual and Procedural Background**

Grant was hired by SSH, a hospital operating in south Dallas, on July 16, 2004 as a dietary aide. She was promoted to Certified Nurse Aide in January 2005. At the

- 1 -

time Grant was hired, she received and signed a copy of SSH's drug testing policy. This policy requires a drug test any time an employee returns from a work-related injury or leave of absence of one or more days.

On January 7, 2006, Grant took an extended leave of absence to care for her mother in Panama pursuant to her Family and Medical Leave Act (FMLA) rights. Grant returned on March 15, 2006 and was asked to submit to a drug test in accordance with SSH's drug policy. Grant consented. The drug test was performed by LabCorp, Inc., a private, third-party company. While awaiting the test's results in March 2006, Grant worked several shifts at the hospital. Grant left for Panama again on March 22, 2006 to attend to her mother's funeral.

When she returned to work on April 7, 2006, Grant was informed by Defendant Sylvia Uriegas, her Human Resources manager, and her supervisor Linda Beckett that she had tested positive for morphine and codeine. Grant told Uriegas and Beckett that she had a prescription for Hydrocodone, which Grant claimed explained the positive result for morphine in her drug test. Grant claims she produced an empty prescription bottle to prove this. Grant also asked Uriegas to contact Dr. Eduardo Dominici in Panama City, Panama and Dr. Jose Newman in DeSoto, TX about medications she had been prescribed by them. Uriegas contacted both Dr. Dominici and Dr. Newman and found no records of Hydrocodone prescriptions for Grant in the past two years. Uriegas also consulted Dr. Manuel Tellez, a staff physician at SSH, about Grant's claim that

Hydrocodone would produce a false positive for morphine. Dr. Tellez told Uriegas that Hydrocodone would not cause a false positive.

In accordance with SSH's drug testing policy, Grant was terminated on April 24, 2006 for failure to produce a written prescription for morphine and codeine following her positive drug test in March.

II.     **Legal Standard**

Summary judgment is appropriate when the pleadings, affidavits, and other summary judgment evidence show that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *U.S. Philips Corp. v. Iwasaki Elec. Co.*, 505 F.3d 1371, 1374 (Fed. Cir. 2007). The moving party bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 322–25. Once a movant makes a properly supported motion, the burden shifts to the nonmovant to show that summary judgment should not be granted; the nonmovant may not rest upon the allegations in the pleadings, but must support the response to the motion with summary judgment evidence showing the existence of a genuine fact issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255–57 (1986).

In considering whether genuine issues of material fact exist, the court must determine whether a reasonable jury could return a verdict for the nonmoving party in

the face of all evidence presented. *Id.* at 249. All evidence and reasonable inferences must be viewed in the light most favorable to the nonmovant. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

## III. Analysis

### A. FMLA

Under the FMLA, qualifying events allow employees to take leaves of absence without fear of retribution from their employers. *See* 29. U.S.C. § 2612. Caring for a parent suffering from a serious health condition is a qualifying event. 29. U.S.C. § 2612(a)(1)(C). Employers must restore returning employees to the same position, or a comparable one, with equivalent pay, benefits, and working conditions. 29. U.S.C. § 2614(a)(1); *Haley v. Alliance Compressor LLC*, 391 F.3d 644, 649 (5th Cir. 2004). Retaliation against employees for invoking their rights under the FMLA is prohibited. 29. U.S.C. § 2614(a)(2); *Haley*, 391 F.3d at 649. This creates two causes of action under the FMLA: claims for violations of substantive FMLA rights and claims for retaliation in response to invoking FMLA rights.

#### 1. Interference with FMLA Rights

To prove that SSH interfered with her FMLA rights, Grant must demonstrate that: (1) she is an eligible employee under the FMLA; (2) SSH is an employer subject to the FMLA; (3) Grant was entitled to FMLA leave; (4) she gave notice of intent to take her FMLA leave; and (5) SSH denied her benefits to which she was entitled under the

FMLA. *Schimek v. MCI, Inc.*, 2006 WL 2252034, at *11 (N.D. Tex. Aug. 7, 2006); *Belgrave v. City of New York*, 1999 WL 692034, at *43 (E.D.N.Y. Aug. 31, 1999)(tying the elements to requirements within 29 U.S.C. §§ 2611, 2612, and 29 C.F.R. §§ 825.302–.303).

Of the five factors listed, only the fifth is in dispute. Grant, however, fails to allege, nor does she provide evidence of, any instance where SSH denied her benefits under the FMLA. Grant returned to work following her first leave of absence and worked several shifts before she was forced to leave once again to attend her mother's funeral. She makes no allegation that she returned to a different position, at a different wage nor under worse working conditions. In fact, when asked, Grant could not name an instance where SSH denied her FMLA benefits. *See* Def. App. to Mot. for Summ. Judg. at 38, Dep. of Casilda Grant at 148–49.

### 2. Retaliation

Courts use the *McDonnell Douglas* framework to evaluate retaliation claims under the FMLA when there is no direct evidence of retaliation. *Richardson v. Monitronics Int'l, Inc.*, 434 F.3d 327, 332 (5th Cir. 2005); *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-06 (1973). This framework requires Grant to present a *prima facie* case of retaliation. *Monitronics*, 434 F.3d at 332–33. If she does, the burden shifts to SSH to give a legitimate, nondiscriminatory reason for the adverse employment action. *Id.* Then, Grant must prove by a preponderance of the evidence that the reason advanced

is merely a pretext for discrimination. *Id.* The burden of proof throughout this process remains with Grant. *See Hoppens v. Gen. Nutrition Ctr.*, 129 F.3d 608, 608 (5th Cir. 1997).

### a. *Prima facie* case

To establish a *prima facie* case for retaliation, Grant must demonstrate that: (1) she is protected under the FMLA; (2) she suffered an adverse employment decision; and either (3a) she was treated less favorably than an employee who did not request FMLA leave or (3b) the adverse decision was made because of Grant's request for leave. *Monitronics*, 434 F.3d at 333.

Here, only the third factor is in dispute. Grant has presented no evidence that she was treated less favorably than other employees or that her termination in any way related to her FMLA leave. When questioned about the reason she was fired, Grant responded that she thought it had something to do with her race. *See* Def. App. to Mot. for Summ. Judg. at 27-29, Dep. of Casilda Grant at 122-24. Allegations of racial discrimination within employment are not actionable under the FMLA.

### b. Legitimate, Nondiscriminatory Reason

Even if Grant had presented a *prima facie* case for retaliation, SSH has advanced a legitimate, nondiscriminatory reason for the termination. On the Personnel Action form terminating Grant's employment, the reason listed is for failing a drug screen upon return from a leave of absence. Def. App. to Mot. for Summ. Judg. at 83.

Grant contends that there is a legitimate reason for the results of her failed drug test and that SSH based its decision on incorrect information. The concern within the FMLA and *McDonnell Douglas* context, however, is not that employers make proper decisions, only nondiscriminatory ones. *LeMarie v. La. Dep't of Transp.*, 480 F.3d 383, 391 (5th Cir. 2007). A fired employee's actual innocence is immaterial; what matters is whether the employer acted in good faith. *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1091 (5th Cir. 1994).

SSH investigated Grant's claims that she possessed a prescription for Hydrocodone by contacting her doctors and consulted a staff physician about the possibility of a false positive for morphine. Grant contends that the testing procedures at LabCorp, Inc. caused the allegedly erroneous test results, but she presents no evidence that SSH was aware of LabCorp, Inc.'s procedures or doubted the accuracy of Grant's drug test. SSH looked into Grant's explanations and made a good-faith decision to terminate her once the investigation was concluded.

B.  **Defamation**

Grant also asserts a defamation claim against SSH. Grants claims that Uriegas and Beckett told other employees about the allegedly erroneous results of Grant's drug test.

A federal court exercising jurisdiction over a state law claim applies the statute of limitations of the state in which it sits for that cause of action. *See Ferens v. John Deere*

*Co.*, 494 U.S. 516, 519 (1990). In Texas, a plaintiff must bring suit for defamation within one year of when the cause of action accrues. Tex Civ. Prac. & Rem Code § 16.002(a). A claim for defamation accrues when the allegedly defamatory matter is published and the injured person learns of the defamation. *Dwyer v. Sabine Mining Co.*, 890 S.W.2d 140, 142 (Tex. App.—Texarkana 1994, writ denied).

Grant does not dispute that the allegedly defamatory matter was published on April 7, 2006 and that she learned of it the same day. Grant also does not dispute that she filed this lawsuit on December 3, 2007, over nineteen (19) months after the incident. She does not claim that the statute of limitations was tolled for any reason. Therefore, Grant's claim for defamation is time-barred and it must be dismissed.

### C. Objections to Summary Judgment Evidence

Grant has objected to most of SSH's summary judgment evidence. Each objection is considered in turn. The same rules of admissibility apply for summary judgment evidence as at trial. *Resolution Trust Co. v. Starkey*, 41 F.3d 1018, 1024 (5th Cir. 1995).

#### 1. Exhibit A

Grant objects to Exhibit A, Appendix to SSH's Motion for Summary (Doc. No. 21) because there is no signed Reporter's certificate for Grant's deposition for authentication purposes. SSH has submitted an amended Exhibit A with a Reporter's certificate attached (Doc. No. 24). Accordingly, Grant's objection is **OVERRULED.**

2. **Exhibit B**

Grant objects to Exhibit B, Appendix to SSH's Motion for Summary (Doc. No. 21) because she claims that LaTrice Hutton, the Director of Human Resources at SSH, cannot properly authenticate Exhibits 1–12 with her business records affidavit.

An affidavit submitted in support of a motion for summary judgment under Rule 56 must be made on personal knowledge. FED. R. CIV. P. 56(e)(1). "[A] business records affidavit need only establish personal knowledge regarding how the records were made and kept." *Jackson v. Blockbuster, Inc*. 2010 WL 2268086 (E.D. Tex. June 4, 2010). Hutton's affidavit authenticates Exhibits 1–12 as documents from Grant's personnel file at SSH. SSH does not attempt to characterize them as anything else. It is irrelevant that the documents are not authenticated as documents from LabCorp, Inc., Dr. Newman's office, Walgreen's, or anywhere else. What is important is that these were the documents reviewed by SSH, Uriegas, and Bennett when they were making employment decisions regarding Grant, so long as they appeared reasonably authentic and accurate. *See Mayberry*, 55 F.3d at 1091 (discussing the requirement of good faith when making employment decisions under Title VII). Grant's objection is **OVERRULED**.

3. **Exhibit C**

Grant objects to Exhibit C, Appendix to SSH's Motion for Summary (Doc. No. 21) because she claims that the Declaration of Dr. Manuel Tellez contains hearsay.

Hearsay is an out-of-court statement offered to prove the truth of the matter asserted. FED. R. EVID. 801. Out-of-court statements may be used for other permissible purposes. *See* FED. R. EVID. 105. An out-of-court statement may be used as circumstantial evidence of other relevant facts. *See United States v. Parry*, 649 F.2d 292, 295 (5th Cir. 1981)(finding out-of-court statement may be used as evidence of the declarant's knowledge).

Here, Dr. Tellez's statement to Uriegas ("Hydrocodone will not cause a false positive on a drug test") is not being offered to prove that, in fact, Hydrocodone will not cause a false positive on a drug test. Instead, Dr. Tellez's statement is being offered as evidence of Uriegas' state of mind prior to Grant's termination. This is relevant because it concerns SSH's motivation for firing Grant, an essential element for Grant's FMLA claims. *See* FED. R. EVID. 401. Therefore, Grant's objection is **OVERRULED**.

### 4. Exhibit D

Grant objects to Exhibit D, Appendix to SSH's Motion for Summary (Doc. No. 21) because she claims pleadings and interrogatories are irrelevant and improper summary judgment evidence.

In deciding a motion for summary judgment, a court must determine whether the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c); *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003). Accordingly, all pleadings on file and answers to interrogatories are proper summary judgment evidence. Therefore, Grant's objection is **OVERRULED**.

IV. **Conclusion**

No genuine issue of material fact exists concerning the inability of Grant to recover on either her FMLA claims or her defamation claim. Therefore, SSH's Motion for Summary Judgment is **GRANTED** and Grant's claims are **DISMISSED with prejudice**. Grant's Motion to Strike SSH's Evidence is **DENIED**. SSH's Motion to Strike Grant's Evidence is **DENIED as moot**.

**SO ORDERED**

Signed September 15th, 2010.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE